FILED _____ ENTERED
_____ LODGED _____ RECEIVED

NOV 29 2023

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

LNE 11.27.23
SES: USAO 2023R00421

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. BAH 23cr 426 |
| | * | |
| JOSEPH ANDERSON | * | (Conspiracy to Distribute and Possess |
| HUGH BERRY, JR. | * | with the Intent to Distribute |
| DERRICK STEVENSON, | * | Controlled Substances, 21 U.S.C. § |
| | * | 846; Possession with the Intent to |
| Defendants. | * | Distribute Controlled Substances, 21 |
| | * | U.S.C. § 841(a)(1); Unlawful |
| | * | Possession of Machinegun, 18 U.S.C. § |
| | * | 922(o); Forfeiture, 18 U.S.C. § 924(d), |
| | * | 21 U.S.C. § 853, and 28 U.S.C. § |
| | * | 2461(c)) |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

From in or about May 2023 and continuing until on or about the date of this Indictment, in the District of Maryland and elsewhere, the defendants,

**JOSEPH ANDERSON,**
**HUGH BERRY, JR.**
**DERRICK STEVENSON**

did knowingly and willfully combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl) piperidin-4-yl] propanamide, also known as fentanyl, a Schedule II controlled substance, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

### Quantity of Controlled Substances Involved in the Conspiracy

With respect to **HUGH BERRY, JR,** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl] propanamide, also known as fentanyl, a Schedule II controlled substance, and 500 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance pursuant to 21 U.S.C. § 841(b)(1)(B).

With respect to **JOSEPH ANDERSON, DERRICK STEVENSON,** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT TWO
### (Possession with Intent to Distribute Fentanyl)

The Grand Jury for the District of Maryland further charges that:

On or about May 26, 2023, in the District of Maryland, the defendant,

### HUGH BERRY, JR.

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## COUNT THREE
### (Possession with Intent to Distribute Methamphetamine)

The Grand Jury for the District of Maryland further charges that:

On or about July 5, 2023, in the District of Maryland, the defendants,

### HUGH BERRY, JR.
### DERRICK STEVENSON

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## COUNT FOUR
### (Possession with Intent to Distribute Methamphetamine)

The Grand Jury for the District of Maryland further charges that:

On or about July 17, 2023 in the District of Maryland, the defendants,

### JOSEPH ANDERSON,
### HUGH BERRY, JR.

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 841(a)(1) and (b)(1)(C)

## COUNT FIVE
### (Unlawful Possession of a Machinegun)

The Grand Jury for the District of Maryland further charges that:

On or about July 17 2023, in the District of Maryland, the defendants,

### JOSEPH ANDERSON,
### HUGH BERRY, JR.

did knowingly possess a machinegun, as that term is defined in 26 U.S.C. § 5845(b); that is, a black auto switch conversion device, in violation of Title 18, United States Code, Section 922(o) and 924(a)(2).

18 U.S.C. § 922(o)
26 U.S.C. § 5845(b)
18 U.S.C. § 924(a)(2)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendants' convictions under Counts One through Five of this Indictment.

### Narcotics Forfeiture

2. Upon conviction any of the offenses alleged in Counts One through Four of this Indictment, the defendant(s),

**JOSEPH ANDERSON,
HUGH BERRY, JR.
DERRICK STEVENSON,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s); and

b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense(s).

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offense alleged in Count Five of this Indictment, the defendant(s),

**JOSEPH ANDERSON,
HUGH BERRY, JR.**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense.

## Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to, the following:

   a. a forfeiture money judgment in the appropriate amount;

   b. approximately six Polymer80 9mm handguns bearing no serial numbers;

   c. one Polymer80 .40 caliber handgun bearing no serial number;

   d. one AR-style 3-D printed pistol bearing no serial number and with a brass catcher attached;

   e. one black auto switch machinegun conversion device;

   f. approximately three empty 5.56 magazines; and

   g. one empty 9mm magazine.

## Substitute Assets

5. If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Erek L. Barron*
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

11·29·23
Date